Filed 11/20/13  P. v. Rice CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058847 |
| v. | (Super.Ct.No. FWV16750) |
| WILLIE TYRONE RICE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Willie Tyrone Rice appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

PROCEDURAL BACKGROUND

On April 5, 1999, a jury found defendant guilty of inflicting corporal injury on a spouse.  (§ 273.5, subd. (a).)  In a bifurcated bench trial, the trial court found true the special allegation that defendant had suffered two prior serious and violent felony convictions (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d)) for attempted murder (§§ 664/187) and robbery (§ 211).  On May 13, 1999, after denying defendant's motion to dismiss his prior strike convictions, the trial court sentenced defendant to a total term of 25 years to life in state prison under the three strikes law.

On November 6, 2012, the electorate passed Proposition 36, also known as the "Three Strikes Reform Act."  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

On March 4, 2013, defendant filed in pro. per. a petition for resentencing under section 1170.126. The trial court denied the petition on May 2, 2013, due to defendant's strike conviction for attempted murder, which made him ineligible for resentencing under section 1170.126, subdivision (e)(3). Defendant filed a timely notice of appeal.

III

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and one potential arguable issue: whether the trial court abused its discretion when it denied defendant's petition for resentencing.

Section 1170.126, applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

3

Section 1170.126, subdivision (e)(3), provides that an inmate is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Defendant here has a prior conviction for attempted murder, an offense listed in sections 667, subdivision (e)(C)(iv)(IV), and 1170.12, subdivision (c)(C)(iv)(IV). Defendant was therefore ineligible for resentencing under section 1170.126.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

II

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


RICHLI
J.


CODRINGTON
J.

4